NO. 07-01-0138-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

APRIL 30, 2002

______________________________

ANGELICA COOPER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 339TH DISTRICT COURT OF HARRIS COUNTY;

NO. 864842; HONORABLE CAPRICE COSPER, JUDGE

_______________________________

Before QUINN and REAVIS and JOHNSON, JJ.

Pursuant to a plea bargain, appellant Angelica Cooper was convicted of burglary of a habitation with intent to commit theft and punishment was assessed at 18 years confinement.  Appellant filed a 
pro se
 general notice of appeal.  In presenting this appeal, counsel has filed an 
Anders
(footnote: 1) brief in support of a motion to withdraw.  Based upon the rationale expressed herein, the appeal is dismissed for want of jurisdiction.

In support of his motion to withdraw, counsel has certified that he has diligently reviewed the record and, in his opinion, the record reflects no reversible error or grounds upon which an appeal can be predicated.  Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); Monroe v. State, 671 S.W.2d 583, 585 (Tex.App.--San Antonio 1984, no pet.).
  Thus, he concludes the appeal is frivolous and without merit.  In compliance with High v. State, 573 S.W.2d 807, 813 (Tex.Cr.App. 1978), counsel has candidly discussed why, under the controlling authorities, there is no error in the court's judgment.  Counsel has also shown that he sent a copy of the brief to appellant, and informed appellant that, in counsel's view, the appeal is without merit.  In addition, counsel has demonstrated that he notified appellant of her right to review the record and file a 
pro se
 brief if she desired to do so.  Appellant filed a 
pro se 
brief.  The State did not favor us with a brief.

When an appeal is made challenging an issue relating to a conviction rendered from a defendant’s initial guilty plea and the punishment assessed does not exceed the punishment recommended by the State, the notice of appeal limitations of Rule 25.2(b)(3) of the Texas Rules of Appellate Procedure are triggered.  Vidaurri v. State, 49 S.W.3d 880 (Tex.Cr.App. 2001); 
see also
 White v. State, 61 S.W.3d 424, 428-29 (Tex.Cr.App. 2001) (holding that the notice requirements set forth in Rule 25.2(b)(3) should be interpreted according to their plain meaning and that failing to meet the requirements fails to invoke the jurisdiction of an appellate court).

By her 
pro se
 brief, appellant challenges the voluntariness of her plea.  However, voluntariness of a plea is not appealable from plea-bargained felony convictions.  Cooper v. State, 45 S.W.3d 77, 83 (Tex.Cr.App. 2001).   Thus, because appellant filed a general notice of appeal, we are without jurisdiction to entertain any arguable complaints that could have been raised. 

Accordingly, the appeal is dismissed for want of jurisdiction and we are without jurisdiction to rule on counsel’s motion to withdraw.

Don H. Reavis

     Justice

Do not publish.
  

FOOTNOTES
1:
Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).